# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON VEREEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-664 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CHIPOTLE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In light of Defendant's filing regarding the status of mandatory-ADR (Doc. 20), the Court observes the following. Defendant's proposals regarding ADR appear abundantly reasonable. Defendant has agreed to pay all costs associated with ADR, which is generous, because the costs of ADR typically are shared between the parties. The persons identified by Defendant's counsel to conduct ADR ("the neutrals") are highly-respected, and they routinely have been identified and/or approved by counsel for both plaintiffs and defendants in the employment-discrimination context. Finally, while the relative "pros and cons" of the different forms of ADR may be debated, mediation (which is non-binding, unless and until the parties reach an agreed-upon resolution) is, by a significant margin, the most-common form of ADR chosen in this District.

Defendant's filing indicates that Plaintiff has declined to state specific reasons for rejecting Defendant's proposal(s). As the Court previously has intimated, and now explicitly instructs: notwithstanding Plaintiff's *pro se* status, it is the Court's expectation that he will comply with all Court orders, deadlines, practices and procedures. The Court's Order dated November 1, 2018 (Doc. 13) required the parties to meet, confer and agree upon the details

regarding ADR. And, while Plaintiff has not yet enjoyed the opportunity to be heard, an approach akin to "my way, or the highway" does not demonstrate good-faith, reasonable compliance with the ordered meet-and-confer process.

Plaintiff may rest assured that, from a neutral and objective standpoint, Defendant's proposals appear reasonable, unbiased and, given Defendant's agreement to cover the costs of ADR, generous. Accordingly, Plaintiff is **ORDERED** to show cause why Defendant's proposals should not be adopted by the Court. *See* the undersigned's Practices & Procedures at ¶ III.A.5 ("If the parties cannot agree on an ADR process and/or a proposed neutral, the Court will make the ultimate selection.").

By **December 21, 2018**, Plaintiff shall file with the Court and serve on Defendant a written-response to this Order, explaining why he opposes Defendant's proposals, and offering counter-proposals for the Court's consideration. If such a filing is received, the Court will decide regarding the form of ADR and an appropriate neutral.

In the alternative, by **December 21, 2018**, Plaintiff shall communicate in writing to Defendant's counsel (via regular mail or email) his assent, and an indication regarding which ADR-neutral he prefers. Should Defendant's counsel receive written communication, in compliance with the above-instruction, counsel promptly shall so-advise Chambers via telephone, and the Court will enter an order setting a new deadline for the submission of an ADR stipulation. Once the ADR-process is in place, the Court will set a deadline for the completion of ADR (and it *may* provide a brief extension of the discovery period and post-discovery conference, to account for the delay caused by the parties' disagreement).

IT IS SO ORDERED.

December 11, 2018                      <u>s/Cathy Bissoon</u>
                                                   Cathy Bissoon
                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

Vernon Vereen
410 Edgemont Street
Pittsburgh, PA  15211